UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ZHAMUKHANOV,<br><br>Plaintiff,<br><br>v.<br><br>ACELRX PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | Case No.  14-CV-04416-LHK<br><br>**ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COYLER'S SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. Nos. 9, 13, and 14 |

Before the Court are three motions to appoint lead plaintiff and approval of lead counsel. The first is Plaintiff Dennis Simcox's motion for appointment of Simcox as lead plaintiff and approval of Simcox's selection of counsel.  ECF No. 9.  The second is Plaintiff Rick L. Coyler's unopposed motion for appointment of Coyler as lead plaintiff and approval of Coyler's selection of counsel.  ECF No. 13 ("Coyler Mot.").  The third is Plaintiff Harry Zweifel's motion to appoint Zweifel as lead plaintiff and approval of Zweifel's selection of counsel.  ECF No. 14.  Defendants have filed a statement of non-opposition to all three of Plaintiffs' motions and have stated they take no position as to the appointment of lead plaintiff and/or the selection of lead counsel.  ECF No. 21.  Pursuant to Civil Local Rule 7-1(b), the Court finds all three motions appropriate for determination without oral argument, and thus VACATES the hearing set for these motions on

March 26, 2015, at 1:30 p.m.  The Court GRANTS Coyler's unopposed motion for the reasons set forth herein, and DENIES the other two motions.

## I.   BACKGROUND

This case is a putative securities class action brought against Defendant AcelRx Pharmaceuticals, Inc. ("AcelRx"), and its Chief Executive Officer and Chief Financial Officers, brought on behalf of all persons "who purchased or otherwise acquired AcelRx's common stock and/or call options, or sold/wrote AcelRx's put options between December 2, 2013 and September 25, 2014 inclusive ('Class Period')."  ECF No. 1 ("Compl.") ¶ 1.

"AcelRx is a specialty pharmaceutical company focused on the development and commercialization of innovative therapies for the treatment of acute and breakthrough pain."  *Id.* ¶¶ 2, 20.  The Complaint, filed by Plaintiff Adam Zhamukhanov, alleges that AcelRx made materially false and misleading statements and failed to disclose adverse facts regarding AcelRx's new drug application ("NDA") to the U.S. Food and Drug Administration ("FDA") for the drug Zalviso (sufentanil sublingual tablet system).  *Id.* ¶ 3.

Specifically, the Complaint alleges that AcelRx announced that the FDA had accepted the NDA for Zalviso on December 2, 2013.  *Id.* ¶ 21.  AcelRx made additional statements that the NDA had been "accepted" and the company "anticipate[d] generating the first commercial sales of Zalviso in the United States in the first quarter of 2015."  *Id.* ¶ 24.  On July 25, 2014, AcelRx revealed that it received a "Complete Response Letter" from the FDA which requested additional information about Zalviso.  *Id.* ¶ 28.  On that news, the price of "shares of AcelRx declined $4.44 per share, nearly 41%."  *Id.* ¶ 29.  On August 11, 2014, AcelRx issued a press release stating that AcelRx was working with the FDA on the Complete Response Letter and "anticipate[s] we can refile the Zalviso NDA before the end of 2014, pending the outcome of the meeting with the FDA."  *Id.* ¶ 31.  The Complaint alleges that these statements were materially false or misleading when made because the statements failed to disclose important information about Zalviso's regulatory approval and financial prospects.  *Id.* ¶ 33.  Finally, on September 20, 2014, AcelRx

United States District Court
Northern District of California

Case No.: 14-CV-04416-LHK
ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

1    issued a press release revealing that the company planned to resubmit the Zalviso NDA sometime

2    in 2015, and "the planned resubmission will qualify as a Class 2 resubmission with a review

3    period of six months." *Id.* ¶ 34.  Based on that news, the price of "shares of AcelRx declined

4    $1.31 per share, over 19%." *Id.* ¶ 35.

5         Based on these allegations, Plaintiff brings two causes of action against AcelRx, AcelRx's

6    Chief Executive Officer ("CEO") Richard A. King, and AcelRx's Chief Financial Officers

7    ("CFO") Timothy E. Morris and James H. Welch,[1] on behalf of Plaintiff and all other purchasers

8    of AcelRx securities during the Class Period.

9         First, Plaintiff claims that all Defendants violated § 10(b) of the Securities Exchange Act,

10   15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated pursuant to § 10(b) of the

11   Securities Exchange Act.  Compl.  ¶¶ 54-63.  Second, Plaintiff claims that the individual

12   Defendants violated Section § 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a).  *Id.* ¶¶ 64-

13   67.

14        On December 1, 2014, Simcox, Coyler, and Zweifel each moved the Court to be appointed

15   as lead plaintiff, and for approval of their selection of counsel as lead counsel for the class.  ECF

16   Nos. 9, 13, and 14.  Coyler claims to have purchased AcelRx stock during the Class Period.  *See*

17   ECF No. 13-1, Declaration of Evan J. Smith ("Smith Decl."), Ex. A ("Plaintiff's Certification").

18   Colyer later filed a Further Statement in support of his appointment as lead plaintiff, stating that he

19   has the largest financial stake in the litigation.  ECF No. 18.  Simcox and Zweifel later filed

20   statements of nonopposition to Coyler's appointment as lead plaintiff, agreeing that neither

21   Simcox nor Zweifel appears to have the largest financial interest in the outcome of the litigation.

22   ECF No. 17 (Zweifel Statement of Non-opposition) at 1; ECF No. 22 (Simcox Statement of Non-

23   opposition) at 1-2.  Both Simcox and Zweifel agree they are not the presumptively most adequate

24   plaintiff under the Private Securities Litigation Reform Act ("PSLRA").

25

26   _____

27   [1] Welch was the CFO of AcelRx until March 24, 2014, and Morris has been the CFO since March 25, 2014.

28
     Case No.: 14-CV-04416-LHK
     ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

United States District Court
Northern District of California

## II.  LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, governs the selection of a lead plaintiff in private securities class actions.  In the PSLRA's own words, this plaintiff is to be the "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u–4(a)(3)(B)(i).  Under the PSLRA, a three-step process determines the lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  First, the first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u–4(a)(3)(A)(i)(I).[2]  This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u–4(a)(3)(A)(i)(II).[3]

Second, the court must select the presumptive lead plaintiff.  *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)).  In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Id.* at 730 (footnote omitted).  Once the district court identifies the plaintiff with the most to gain, the district court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id.*  If he does, that plaintiff becomes the presumptive lead plaintiff.  *Id.*  If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23.  *Id.*  The court repeats this process until it selects a presumptive lead plaintiff.  *Id.*

Third, those plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."  *Id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).  This is done by showing that the

---

[2] This publication is to be made "[n]o later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u–4(a) (3)(A)(i).
[3] Those who wish to move the court for appointment as lead plaintiff must do so "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

4

Case No.: 14-CV-04416-LHK
ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B) (iii)(II)(aa)-(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citation and footnote omitted).

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

### III. ANALYSIS

In conformity with the procedure established by the PSLRA and the Ninth Circuit in *In re Cavanaugh*, the Court will decide whether Coyler should serve as lead plaintiff and Brower Piven, A Professional Corporation ("Brower Piven") as lead counsel and Brodsky & Smith, LLC ("Brodsky & Smith") as liaison counsel for the Class in the instant action.

#### A. Procedural Requirements

On October 2, 2014, the day after filing the Complaint, Zhamukhanov's counsel published a notice in Business Wire. *See* Smith Decl., Ex. C. This notice was timely because it was published within 20 days after the filing of the complaint, and it listed the claims, the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* 15 U.S.C. § 78u–4(a)(3)(A). Coyler then filed the instant motion within the statutory period specified in 15 U.S.C. § 78u–4(a)(3)(A). Coyler has therefore met the statutory procedural requirements.

Case No.: 14-CV-04416-LHK
ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

United States District Court
Northern District of California

## B. Financial Interest

The PSLRA provides that, after notice of the class action has been given, a "court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The most capable plaintiff is generally the one who has the greatest financial stake in the outcome of the case, so long as he or she meets the requirements of Rule 23. *In re Cavenaugh*, 306 F.3d at 729. District courts have equated financial interest with actual economic losses suffered. *See Perlmutter v. Intuitive Surgical, Inc.,* 10-CV-03451-LHK, 2011 WL 566814, at *3 (N.D. Cal. Feb. 15, 2011).

Here, Coyler holds the largest financial stake in this litigation. Coyler has submitted a declaration establishing that during the Class Period he purchased 125,000 securities that are the subject of this action. *See* Plaintiff's Certification. There is no dispute that Coyler suffered the greatest financial loss during the Class Period. Indeed, both Simcox and Zweifel have conceded they do not have the largest financial stake in the action and that Coyler has the largest financial interest. *See* ECF Nos. 17, 22. Therefore, Coyler is presumptively the most adequate plaintiff. *In re Cavenaugh*, 306 F.3d at 730.

## C. Rule 23

Having established that he has the largest financial interest, Coyler has also established that he satisfies the requirements of Rule 23(a), particularly typicality and adequacy. *See In re Cavenaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."). This showing need not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

In determining whether typicality is satisfied, a Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the

Case No.: 14-CV-04416-LHK
ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation and quotation marks omitted); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012). In this case, like all other members of the purported class, Coyler purchased AcelRx common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and allegedly suffered damages as a result. Coyler's claims appear to be typical, if not identical, to the claims of other members of the putative class. *See* Coyler Mot. at 6; *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [the defendant's] common stock during the Class Period, allegedly in reliance upon [the d]efendants' purported false and misleading statements, and alleged[ly] suffered damages as a result").

The test for adequacy asks whether the class representative and his counsel "have any conflicts of interest with other class members" and whether the class representative and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between Coyler and other class members, nor is there evidence that Coyler is subject to any unique defenses. *See* Coyler Mot. at 6. Accordingly, the Court finds that, for purposes of lead plaintiff appointment, Coyler has made a showing satisfying the adequacy requirements of Rule 23.

**D. Rebuttal of Presumptive Lead Plaintiff**

Having established that Coyler has the greatest financial stake and satisfies the requirements of Rule 23(a), Coyler is presumptively the most adequate plaintiff to represent the class. This presumption may be rebutted only upon proof by a member of the purported plaintiff class that Coyler either (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(3)(B)(iii)(II). No purported class member has come forward with such

Case No.: 14-CV-04416-LHK
ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

United States District Court
Northern District of California

1    rebuttal evidence to rebut the presumption in favor of Coyler.  Indeed, no party opposes Coyler's

2    motion for appointment as lead plaintiff.  Accordingly, the presumption that Coyler is the most

3    adequate lead plaintiff has not been rebutted, and the Court therefore need not proceed to consider

4    the motion of the movant with the next largest financial stake.  *See In re Cavanaugh*, 306 F.3d at

5    730-31.  Absent proof that the lead plaintiff candidate with the largest financial interest does not

6    satisfy the requirements of FRCP 23, said candidate is "entitled to lead plaintiff status."  *Id.* at 732.

7    Thus, Coyler is entitled to be the lead plaintiff in this action.

8    **E.  Lead Counsel**

9    The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of

10   the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The

11   decision of lead counsel belongs to the lead plaintiff.  *In re Cavanaugh*, 306 F.3d at 734 n.14.

12   Coyler has chosen the law firm of Brower Piven.  The Court has reviewed the firm's resume,

13   Smith Decl., Ex. D, and is satisfied that the lead plaintiff has made a reasonable choice of counsel.

14   Accordingly, the Court defers to the Coyler's choice in counsel.

15   **IV. CONCLUSION**

16   For the reasons stated above, the Court appoints Coyler as the lead plaintiff in this action

17   and approves the Coyler's selection of Brower Piven as lead counsel.

18   **IT IS SO ORDERED**.

19   Dated:  February 24, 2015

20                                                           _____

21                                                           LUCY H. KOH
                                                            United States District Judge

22

23

24

25

26

27
                                                     8
28   Case No.: 14-CV-04416-LHK
     ORDER GRANTING PLAINTIFF COYLER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

United States District Court
Northern District of California